KAB

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Francis,<br><br>                Plaintiff,<br><br>v.<br><br>David Shinn, et al.,<br><br>                Defendants. | No. CV-22-02071-PHX-JAT (DMF)<br><br>**ORDER** |

Plaintiff James Francis, who is currently confined in the Arizona State Prison Complex (ASPC)-Eyman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion to Compel (Doc. 30), which the Court construes as a Motion seeking injunctive relief.

**I.     Background**

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated Eighth Amendment medical care claims against Defendants Naphcare, Centurion, Shinn, Stewart, and Thomas based on Plaintiff's allegations relating to deliberate indifference in the treatment of Plaintiff's urological cancer. (Doc. 5.)

On January 23, 2023, the Court granted a preliminary injunction in favor of Plaintiff as follows:

> (a) Defendants must ensure that Plaintiff undergoes a cystoscopy of his bladder mass within ten (10) days of the date of this Order.
> 
> (b) Within fifteen (15) days of the date of this Order, Defendants must file a Notice indicating that Plaintiff received

>the cystoscopy and attach a copy of the medical record documenting the results of the cystoscopy.
>  (c) Defendants must immediately provide any treatment or follow up recommended by the offsite specialist.

(Doc. 19 at 14-15.) Defendants have since filed Notices with the Court indicating the current status of Plaintiff's medical care. (Docs. 23, 24, 31, 42.)

## II.     Motion to Compel

In his Motion to Compel, Plaintiff asserts that during his March 3, 2023 appointment, the urologist told him that he needed immediate treatment for his cancer, but treatment was being delayed by NaphCare and non-Defendant Nurse Practitioner (NP) Adams. Plaintiff asserted that: (1) NaphCare told the doctor not to tell Plaintiff about his findings concerning Plaintiff's cancer, but the doctor told him anyway; (2) Naphcare denied Plaintiff unidentified pain medication recommended by the urologist; (3) NP Adams refuses to approve a special needs order that allows Plaintiff to wear his tennis shoes to his medical appointments; and (4) Naphcare and NP Adams refuse to give Plaintiff medical lay-in meal trays while he is undergoing cancer treatment. (Doc. 30.)

After Plaintiff filed his Motion to Compel, the Court issued an Order requiring a response to the Motion to Compel as follows:

>Defendants filed the required urgent status update as directed by the Court's February 28, 2023 Order (Doc. 28). The most recent status report confirmed Plaintiff's diagnosis of "high grade bladder cancer" (Doc. 31-1 at 4). The urologist's notes also reflect Plaintiff should return for follow up in one to two months and will likely require a second transurethral resection of a bladder tumor ("TURBT") procedure in which the surgeon will administer Mitomycin (chemotherapy). Clearly, Plaintiff's condition is serious and will require long-term treatment. Defendants' next status report will be due no later than noon on Wednesday, April 12, 2023. In that update, Defendants must provide notes and records from any intervening appointment or treatment and a copy of the pathology report from Plaintiff's cystoscopies. Defendants must also indicate what treatment Plaintiff is being provided for pain management.
>  . . . .

- 2 -

> [In Response to the Motion to Compel,] Defendants must specifically address what supportive treatment is being provided to Plaintiff (pain management, lay-in privileges, supportive clothing and footwear, etc.), and if any treatment Plaintiff has not been provided, explain why the treatment is not being provided. Defendants must also discuss their policy prohibiting outside treating physicians from discussing a patient's recommended treatment plan or medication (Doc. 31-1 at 7).

(Doc. 32.)[1]

In Response to Plaintiff's Motion, Defendants assert that Plaintiff is being provided lay-in trays, he was recently prescribed Tramadol and is currently on Acetaminophen 500 mg and did not raise any issues with his medications during his recent appointment with NP Adams, he has "no duty" and "no work" orders in place, and he has prescription shoes and inserts. (Doc. 38.) Defendants further assert that Plaintiff can obtain his medical records and Naphcare does not prohibit specialists from discussing a prisoner's care with the prisoner, but rather advise doctors to not allow prisoners to overhear conversations regarding care, recommended appointments, etc., and the medical records confirm that the specialists do discuss prisoners' treatment with them. Defendants finally assert that Plaintiff's next TURBT procedure was scheduled for the last week of April 2023.

In Reply, Plaintiff asserts that NP Adams refuses to provide him medical lay-in trays, and Plaintiff was not receiving medical lay-in trays as of March 31, 2023. (Doc.41.)

Plaintiff further asserts that the urologist wanted Plaintiff back quickly to "deal with the cancer mass on this bladder" and said that Plaintiff needed a biopsy.

Plaintiff finally asserts that he raised the issue that he needed "stronger pain medication" and NP Adams denied his request, and, although he was prescribed medical

---

[1] In his Reply in support of his Motion, Plaintiff raises an issue for the first time relating to seeing a cancer surgeon for removal of stitches in his left ear. Because Defendants have not been given a proper opportunity to respond to Plaintiff's allegations regarding this assertion, this issue is not properly before the Court. Moreover, this issue appears to be unrelated to the claims alleged in Plaintiff's operative Complaint and appears to be asserted against non-Defendant Adams, so it appears that at this time, the Court lacks jurisdiction to grant Plaintiff any relief in relation to this issue.

1 tennis shoes and inserts, NP Adams "continues to delay" Plaintiff's medical tennis shoes
2 and inserts.

### A. Legal Standard

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). Nonetheless, "federal courts must not shrink from their obligation to enforce the constitutional rights of all persons, including prisoners" and must not "allow constitutional violations to continue simply because a remedy would involve intrusion into the realm of prison administration." *Porretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021) (citation omitted).

A plaintiff seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). When the government opposes a preliminary injunction, "[t]he third and fourth factors of the preliminary-injunction test—balance of equities and public interest—merge into one inquiry ." *Porretti*, 11 F.4th at 1047. The "balance of equities" concerns the burdens or hardships to a prisoner complainant compared with the burden on the government defendants if an injunction is ordered. *Id.* The public interest mostly concerns the injunction's impact on nonparties rather than parties. *Id.* (citation omitted). Regardless, "[i]t is always in the public interest to prevent the violation of a party's constitutional rights." *Id.* (citation omitted).

Where a plaintiff seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to a higher standard" and is "permissible when 'extreme or very serious damage will result' that is not 'capable of compensation in damages,' and the merits

of the case are not 'doubtful.'" *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)). Further, under the Prison Litigation Reform Act, injunctive relief must be narrowly drawn and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

   **B.**  **Discussion**

     **1.**  **Pain Medication, Tennis Shoes, Lay-Ins**

   Plaintiff bears the burden of demonstrating that he is entitled to injunctive relief. Plaintiff's requests relating to pain medication are vague and lack any detail through which the Court could conclude that denial of any specific pain medication is likely to result in a violation of Plaintiff's constitutional rights. Moreover, Plaintiff's requests relating to tennis shoes, lay-ins, and pain medications appear to be unrelated to the claims in Plaintiff's underlying Complaint and are directed toward non-Defendant Adams. Plaintiff has not made any non-conclusory argument or submitted any evidence that non-Defendant Adams is making these alleged decisions pursuant to a policy, practice, or custom of Defendants Naphcare and/or Thornell. Accordingly, on this record, Plaintiff has not shown that the Court has jurisdiction to grant relief relating to such claims. *See Pacific Radiation Oncology, LLC v. Queen's Med. Center*, 810 F.3d 631, 636 (9th Cir. 2015) ("[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction" ); *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").[2]

---

[2] If Plaintiff seeks to amend his Complaint to assert additional claims against Defendant Adams, he must file a proper motion to amend pursuant to Rule 15 of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 15. Moreover, because the deadline has passed to seek leave to amend (Doc. 21), Plaintiff must also meet the good cause standard articulated in Rule 16 of the Federal Rules of Civil Procedure.

**2.     Medical Records**

Plaintiff asserts that he has attempted to obtain medical records from a non-Defendant, but has not yet been given his medical records. Plaintiff does not specify what medical records he is seeking or whether those records are different than medical records that Defendants have filed in this case, and Plaintiff does not set forth evidence of submitting a proper request for specific records or otherwise properly raise a discovery dispute regarding receipt of his medical records. Plaintiff has not set forth any argument that he is entitled to injunctive relief relating to his request for medical records. To the extent Plaintiff claims that Defendants are denying him access to his medical records as part of discovery in this action, he should follow the discovery dispute procedure set forth in this Court's Scheduling Order. (Doc. 21.)

**3.     The Urologist's Recommendations**

The evidence before the Court shows that Defendants are following the specialist's recommendations. Plaintiff has not met his burden of showing that Defendants are refusing to enter any specific treatment recommended by the specialist. Accordingly, Plaintiff has not shown that he will suffer irreparable harm in the absence of an injunction.

**4.     Information from the Specialists**

Plaintiff's allegations regarding being denied information about his medical condition are vague and unsupported. Plaintiff makes general arguments that specialists cannot give him specific dates of future appointments, but this is in place for security reasons. Plaintiff makes no other specific allegations regarding a specialist denying him information relating to his conditions and other allegations within Plaintiff's Motion demonstrate that the specialist did give Plaintiff information about his condition. Accordingly, Plaintiff has not met of his burden of demonstrating that he is entitled to injunctive relief relating to receiving information from specialists.

**IT IS ORDERED:**

(1)     The reference to the Magistrate Judge is withdrawn as to Plaintiff's Motion to Compel (Doc. 30), which the Court construes as a Motion for injunctive relief.

      (2)    Plaintiff's Motion to Compel (Doc. 30) is **denied without prejudice** as set forth herein.

      Dated this 1st day of June, 2023.

James A. Teilborg
Senior United States District Judge