SKC

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Francis,<br><br>                Plaintiff,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>                Defendants. | No. CV-22-02071-PHX-JAT (DMF)<br><br>**ORDER** |

Plaintiff James Francis, who was formerly confined in the Arizona State Prison Complex (ASPC)-Eyman, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. On March 14, 2024, the Court denied Plaintiff's Motion for Summary Judgment and granted in part and denied in part Defendants' Cross Motion for Summary Judgment, leaving only Plaintiff's Eighth Amendment medical care claims against Defendants Arizona Department of Corrections, Rehabilitation, and Reentry (ADCRR) Director Ryan Thornell in his official capacity and NaphCare, Inc., ADCRR's contracted medical provider. (Doc. 80.) Before the Court are Defendants Thornell and NaphCare's Motion to Dismiss (Doc. 81) and Defendants' Motion for Reconsideration of the Court's summary judgment Order. (Doc. 82).

The Court will grant in part and stay in part the Motion to Dismiss, stay the Motion for Reconsideration, and direct the Clerk of Court to update Plaintiff's address.

. . . .

. . . .

**I.      Motion to Dismiss**

Defendants seek dismissal of this action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure, and they seek dismissal of Defendant Thornell in his official capacity for lack of subject matter jurisdiction on mootness grounds.

**A.      Legal Standards**

**1.      Rule 41(b)**

Rule 41(b) allows a court to dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Hells Canyon Pres. Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (court may dismiss under Rule 41(b) for failure to prosecute or comply with rules of civil procedure or the court's orders); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In determining whether a plaintiff's failure to prosecute warrants dismissal of an action, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

**2.      Mootness**

A case is moot, and a court lacks subject matter jurisdiction if there is no longer a "live" controversy between the parties because they lack a "legally cognizable interest in the outcome." *Demery v. Arpaio*, 378 F.3d 1020, 1025 (9th Cir. 2004) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). A party moving to dismiss a matter on the ground

that it is moot "bears a heavy burden." *Demery*, 378 F.3d at 1025.

A prisoner's release from prison generally moots any claim for injunctive relief relating to that prison. *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995). An exception to the mootness doctrine exists if a violation is "capable of repetition, yet evading review." *Id.* This exception applies when (1) the duration of the challenged action is too short to be litigated before cessation and (2) there is a reasonable expectation that the injury will occur again. *Id.*

### B.     Discussion

Defendants argue that the Court should dismiss this action for failure to prosecute because Plaintiff was released from prison on January 7, 2024, and he failed to file a notice of change of address, did not respond to Defendants' Cross Motion for Summary Judgment, and has not taken any action in this lawsuit since his release. (Doc. 81 at 2−3.)

The Court will stay this portion of the Motion because, on November 28, 2023, while briefing was still taking place on the parties' Motions for Summary Judgment, Plaintiff filed a Motion for Extension of Time, seeking additional time "to retain counsel and allow them adequate time to prepare motion against summary judgment." (Doc. 78.) In that Motion, Plaintiff stated that he would be released on January 7, 2024, and at the bottom of the page, he included his anticipated future address. (*Id.* at 1−2.)

Plaintiff did not file a separate Notice of Change of Address, as he was required to do under Rule 83.3(d) of the Local Rules of Civil Procedure, and when the Court granted in part his Motion for Extension of Time, giving Plaintiff until January 26, 2024 to respond to Defendants' Cross Motion for Summary Judgment (*see* Doc. 79), Plaintiff was still in custody, so there was no cause to update his address at that time. Nonetheless, because Plaintiff attempted to notify the Court of his future address prior to his release, the Court will direct the Clerk of Court to update Plaintiff's address on the docket and will give Plaintiff 30 days from the date of this Order to respond to the Motion to Dismiss for failure to prosecute. The Court will stay ruling on this portion of Defendants' Motion to Dismiss pending full briefing on the Motion.

Defendants also argue that Defendant Thornell should be dismissed from this action because Thornell was only added in his official capacity for purposes of injunctive relief, and Plaintiff's release from prison moots any claim to such relief. (Doc. 81 at 3.)

The Court need not await a response from Plaintiff to determine that his release from state custody moots any plea for injunctive relief he may have had related to his alleged lack of proper medical care in prison. Also, for Plaintiff's alleged injuries in this action to recur, Plaintiff would have to be arrested and prosecuted for another crime, sentenced to another term in state custody, and require ongoing treatment for the same medical needs. There is no reasonable expectation that any of this will happen, so the limited exception to mootness for injuries that are reasonably likely to recur is not met. Because Plaintiff does not otherwise have a claim against Defendant Thornell, the Court with dismiss Defendant Thornell for lack of subject matter jurisdiction.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants Thornell and Naphcare's Motion to Dismiss (Doc. 81), and the Motion is **granted in part** and **stayed in part** as follows:

   (a) The Motion is **granted** as to Defendant Thornell, and Defendant Thornell is **dismissed** for lack of subject matter jurisdiction.

   (b) The Motion is **stayed** as to Defendant Naphcare to permit Plaintiff time to respond to Defendants' argument that this action should be dismissed for failure to prosecute under Rule 41(b).

(2) The Motion for Reconsideration (Doc. 82) is **stayed** pending the Court's resolution of the Motion to Dismiss (Doc. 81); no response to the Motion for Reconsideration will be permitted at this time.

(3) The Clerk of Court is directed to **update** the docket to change Plaintiff's address to **6900 Princess Dr. # 1109, Scottsdale, AZ 85054**.

(4) The Clerk of Court is further directed to **mail** to Plaintiff at this updated address:

        (a)       The Court's March 14, 2024 Order (Doc. 80),

        (b)       Defendants' Motion to Dismiss (Doc. 81),

        (c)       Defendants' Motion for Reconsideration (Doc. 82), and

        (d)       The Court's April 2, 2024 Order (Doc. 84).

(5) Plaintiff will have **30 days** from the date of this Order to respond to Defendants' Motion to Dismiss for failure to prosecute (Doc. 81), and Defendant Naphcare will have **15 days** thereafter to file a reply; if Plaintiff fails to respond within **30 days**, the Court may **dismiss** this action under Rule 41(b) without further notice to the parties.

(6) All other matters **must remain** with the Magistrate Judge for disposition as appropriate.

Dated this 15th day of April, 2024.

_____
James A. Teilborg
Senior United States District Judge