SKC

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Francis,<br><br>              Plaintiff,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>              Defendants. | No. CV-22-02071-PHX-JAT (DMF)<br><br>**ORDER** |

      Plaintiff James Francis, who was formerly confined in the Arizona State Prison Complex (ASPC)-Eyman, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. On March 14, 2024, the Court denied Plaintiff's Motion for Summary Judgment and granted in part and denied in part Defendants' Cross Motion for Summary Judgment. (Doc. 80.) Following that Order, the only remaining claims in this action were Plaintiff's Eighth Amendment medical care claims against Defendants Arizona Department of Corrections, Rehabilitation, and Reentry (ADCRR) Director Ryan Thornell in his official capacity and NaphCare, Inc., ADCRR's contracted medical provider. Pending before the Court are Defendants Thornell and NaphCare's Motion to Dismiss (Doc. 81), which the Court previously granted in part and stayed in part, and Defendants' Motion for Reconsideration of the Court's summary judgment Order (Doc. 82).

      The Court will now lift the stay on the remaining portion of Defendants' Motion to Dismiss, grant that Motion in part to the extent it will dismiss this action without prejudice for failure to prosecute, and deny as moot Defendants' Motion for Reconsideration.

## I. Defendants' Motion to Dismiss

In their Motion to Dismiss, Defendants moved to dismiss Defendant Thornell for lack of subject matter jurisdiction because Plaintiff was released from state custody, leaving no claims for injunctive relief against Thornell in his official capacity. (Doc. 81.) The Court granted this portion of Defendants' Moton to Dismiss for lack of subject matter jurisdiction on mootness grounds and dismissed Defendant Thornell from this action. (Doc. 80.) Defendants also moved to dismiss this action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff did not notify the Court of his change of address, did not respond to Defendants' Motion for Summary Judgment, and has not taken any action in this case for several months. (Doc. 81 at 1−3.)

Upon review of the docket, the Court determined that Plaintiff's last known involvement in this action was on November 28, 2023, when he filed a Motion for Extension of Time, seeking additional time "to retain counsel and allow them adequate time to prepare motion against summary judgment." (Doc. 78.) Following his release, Plaintiff never filed a notice of change of address, as he was required to do under Rule 83.3(d) of the Local Rules of Civil Procedure, and he did not respond to Defendants' Motion for Summary Judgment, even within the extended timeframe granted by the Court. In his Motion for Extension of Time, however, Plaintiff informed the Court that he would be released on January 7, 2024, and he included his then-anticipated future address. (*Id.* at 1−2.)

Based on these facts, the Court directed the Clerk of Court to update Plaintiff's address to the address Plaintiff included in his Motion for Extension of Time and to mail the Court's Order and Defendants' pending Motions to that address. (Doc. 85.) The Court also stayed ruling on the Rule 41(b) portion of Defendants' Motion to Dismiss for 30 days to give Plaintiff time to receive the Court's Order and Defendants' Motion to Dismiss and respond to that Motion. (*Id.*) Since that Order, the mail the Court sent to Plaintiff at his updated address has not been returned as undeliverable, and more than 30 days have

elapsed without a response from Plaintiff. Accordingly, the Court will lift the stay on Defendants' Motion to Dismiss and address Defendants' remaining Rule 41(b) arguments.

**II.     Rule 41(b) Legal Standard**

Rule 41(b) allows a court to dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Hells Canyon Pres. Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (court may dismiss under Rule 41(b) for failure to prosecute or comply with rules of civil procedure or the court's orders); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In determining whether a plaintiff's failure to prosecute warrants dismissal of an action, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

**III.    Discussion**

In this instance, the first and second factors favor dismissal. Plaintiff's failure to participate meaningfully in this action or comply with Court Orders prevents this action from proceeding, and neither the public's interest in expeditious resolution of litigation nor the Court's need to manage its docket are served by allowing this action to continue. As to the third factor, Defendants have already moved for dismissal for failure to prosecute, so dismissal on this ground will not prejudice Defendants. The fourth factor, favoring adjudication on the merits nearly always weighs against dismissal. *See Wanderer v.*

*Johnson*, 910 F.2d 652, 656 (9th Cir. 1990) (" The first two . . . factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction"). Given the advanced stage of this litigation, though, this factor holds less sway because the Court has already made substantial findings on the merits in its summary judgment Order, wherein it already dismissed most of Plaintiff's claims. Plaintiff's damages claim against NaphCare is now the only remaining claim in this action to be resolved through settlement or at trial, neither of which can proceed without Plaintiff's participation, so this factor is largely moot.

The fifth and final factor requires the Court to consider whether a less drastic alternative than dismissal is available. The Court already took less drastic alternatives by updating Plaintiff's address on the docket to the address he listed as his anticipated post-release address more than one month prior to his release, sending Defendants' pending Motions and the Court's Order to that address, and staying ruling on the Rule 41(b) portion of Defendants' Motion to Dismiss for 30 days to give Plaintiff an opportunity to respond, which he has not done. Realistically, the only less drastic option remaining is dismissal without prejudice. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies."

Defendants argue that the dismissal should be with prejudice "to alleviate Defendants from taking affirmative steps to further defend this action by trying to arrange participation in a settlement conference and/or preparing for trial." (Doc. 81 at 3.) These arguments lack merit because dismissal of this action, with or without prejudice, will terminate any such obligations at this juncture, and Defendants will not be required to take any further action unless and until Plaintiff, himself, takes affirmative steps to attempt to reopen or refile this action. Given these circumstances, a dismissal that operates as an adjudication on the merits would be needlessly harsh, and the Court will dismiss this action without prejudice. *See Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("dismissal without prejudice is a more easily justified sanction for failure to prosecute").

Because the Court will grant in part Defendants' Motion to Dismiss and dismiss this action for failure to prosecute pursuant to Rule 41(b), it will deny as moot Defendants' Motion for Reconsideration of the Court's summary judgment Order.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants Thornell and NaphCare's Motion to Dismiss (Doc. 81) and Motion for Reconsideration (Doc. 82).

(2) The stay is **lifted** on the Motion to Dismiss (Doc. 81), and that Motion is **granted** in part, as follows.

(3) This action is **dismissed** without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; the Clerk of Court must **enter judgment** accordingly and **terminate** this action.

(4) The Motion for Reconsideration (Doc. 82) is **denied** as moot.

Dated this 31st day of May, 2024.

James A. Teilborg
Senior United States District Judge